UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN NICHOLAS KEPLER, | No. 2:24-cv-01426-DAD-CKD (PS) |
| Plaintiffs, | |
| v. | ORDER |
| VIRGINIA L. GINGERY, et al., | |
| Defendants. | |

Plaintiff Christian Nicholas Kepler proceeds without counsel[1] and seeks relief under 42 U.S.C. § 1983. Plaintiff's complaint is before the court for screening and plaintiff requests to proceed in forma pauperis. (ECF Nos. 1, 2.) Plaintiff's application to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915, and the request is granted. However, the complaint fails to establish the court's jurisdiction and the complaint seeks monetary relief against defendants who are immune from suit. The complaint must be dismissed, but plaintiff is granted leave to file an amended complaint.

**I.    SCREENING REQUIREMENT**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a

---

[1] Because plaintiff proceeds without counsel, this action is referred to the undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636.

1

1  claim on which relief may be granted," or "seeks monetary relief against a defendant who is
2  immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27
3  (2000). In performing this screening, the court liberally construes a pro se plaintiff's pleadings.
4  See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).

   A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice[.]" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678. Courts "are not required to indulge unwarranted inferences[.]" Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

   Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Eldridge, 832 F.2d at 1137, but a plaintiff's claims must be facially plausible to survive screening. Facial plausibility for a claim requires sufficient factual detail to allow the court to reasonably infer that a named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

## II.  ALLEGATIONS IN THE COMPLAINT

The events described in the complaint took place in Butte County, California. (ECF No. 1 at 4.) The defendants are Judge Virginia L. Gingery, Judge Michael P. Candela, Attorney Catherine C. Vance, and Attorney Nathan O. Jones. (ECF No. 1 at 2-3.)

Plaintiff alleges that Sasha Walters threatened to file a restraining order during negotiations to purchase the family business: "She demanded that I accept ten thousand dollars by a certain date or she would file a restraining order to 'get you off the lease that way.': Coercion/Extortion." (ECF No. 1 at 10.) Walters obtained a temporary restraining order against plaintiff and removed plaintiff's son from his care for weeks. (Id. see also id. at 14-33.)

Attorney Jones and Judge Candela "delayed the hearing for a period of six months," preventing plaintiff from working in his place of business and denied plaintiff his "right to a

2

speedy trial." (ECF No. 1 at 8, 10.) Attorney Jones never notified plaintiff that Jones had substituted out of the case, leaving plaintiff without counsel, without plaintiff's knowledge. (Id. at 8) Attorney Jones told plaintiff that taking the stand would result in misdemeanors which put plaintiff "under threat and duress." (Id. at 8.)

Attorney Jones expressed a conflict of interest by telling plaintiff he was "good friends" with Attorney Vance. (ECF No. 1 at 9.) Attorney Jones "locked" plaintiff out of his own hearing, "leaving him on hold during the entire proceeding." (Id. at 9.) Attorney Jones and Attorney Vance "recused themselves after the hearing, presumably due to conflict of interest. [Plaintiff] was never served the Order After Hearing." (Id. at 10.)

After the hearing, Judge Candela signed an order which was inconsistent with the "spoken order" and "eight times stricter" than that agreed upon in person. (ECF No. 1 at 9.) Judge Candela ordered plaintiff to attend an organization that requires plaintiff to act in violation of plaintiff's religious freedoms. (Id.) Both Judge Gingery and Judge Candela made orders in violation of due process, issued orders that violated plaintiff's "unalienable rights," and "held courts void of stenographic record and signed Orders in vacation of their offices[.]" (Id. at 9-10.)

Plaintiff was alienated from his son for several weeks, defamed, and "placed under a gag-order," preventing him from defending his reputation. (ECF No. 1 at 11.) Plaintiff lost money and suffered emotional and psychological distress. (Id.) Plaintiff seeks damages in the form of a quantity of ".999 pure gold (or its $ equivalent)." (Id. at 12.)

### III. SUBJECT MATTER JURISDICTION

#### A. Rooker-Feldman Doctrine

Federal district courts do not have appellate jurisdiction over state courts. See Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283-84 (2005). The Rooker-Feldman doctrine "prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004). The Rooker-Feldman doctrine applies to federal constitutional challenges to state court decisions, including claims under 42 U.S.C. § 1983. Benavidez v. County of San Diego, 993 F.3d 1134, 1142 (9th Cir. 2021)

(quoting Doe & Assocs. Law Offs. v. Napolitano, 252 F.3d 1026, 1029 (9th Cir. 2001)).

A federal court action constitutes a forbidden de facto appeal under Rooker-Feldman when the plaintiff complains of a legal injury caused by a state court judgment, based on an allegedly erroneous legal ruling, in a case in which the federal plaintiff was one of the litigants. Noel v. Hall, 341 F.3d 1148, 1163 (9th Cir. 2003). "Once a federal plaintiff seeks to bring a forbidden de facto appeal, … that federal plaintiff may not seek to litigate an issue that is "inextricably intertwined" with the state court judicial decision from which the forbidden de facto appeal is brought." Id. at 1158; see Cooper v. Ramos, 704 F.3d 772, 782 (9th Cir. 2012) ("[Plaintiff's] prayer for relief in the form of monetary and punitive damages... is contingent upon a finding that the state court decision was in error. ... It is precisely this sort of horizontal review of state court decisions that the Rooker-Feldman doctrine bars.").

In the present case, plaintiff does not expressly seek relief from a specific order or judgment of the state court. However, plaintiff alleges the judicial rulings of the defendant judges violated his federal constitutional rights. To the extent plaintiff's constitutional claims are based on a theory that the defendant judges made incorrect rulings that violated plaintiff's rights, this court lacks jurisdiction over the claims. See Doe, 252 F.3d at 1030.

### B. Immunities

In addition, plaintiff brings his claims against parties who are immune from a suit for damages. With limited exceptions, judges and other judicial officers are absolutely immune from suit for judicial acts. See Forrester v. White, 484 U.S. 219, 227 (1988); In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002). Judicial immunity is overcome in only two sets of circumstances: first, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity; second, a judge is not immune for actions taken in the complete absence of any jurisdiction. Mireles v. Waco, 502 U.S. 9, 11 (1991). "This immunity applies even when the judge is accused of acting maliciously and corruptly[.]" Pierson v. Ray, 386 U.S. 547, 554 (1967); see also, e.g., Mireles, 502 U.S. 9, 12-13 (1991) (upholding absolute immunity for a judge who allegedly ordered that person be arrested with excessive force).

////

Prosecutors also have absolute immunity to suits under 42 U.S.C. § 1983 when performing prosecutorial rather than investigatory functions. Imbler v. Pachtman, 424 U.S. 409, 424 (1976). Likewise, retained and court-appointed counsel enjoy immunity because, as discussed below, they do not act under the color of state law. See Franklin v. State of Or., State Welfare Div., 662 F.2d 1337, 1345 (9th Cir. 1981), aff'd in part, rev'd in part on other grounds, Franklin v. Murphy, 745 F.2d 1221 (9th Cir. 1984).

### C.  42 U.S.C. § 1983

The complaint states the basis for jurisdiction is 42 U.S.C. § 1983. (ECF No. 1 at 3.) A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, including a municipality, acting under the color of state law. 42 U.S.C. § 1983.

A person "acts under color of state law [for purposes of § 1983] only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" Polk County v. Dodson, 454 U.S. 312, 317-18 (1981) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)). Representing a client as an attorney "is essentially a private function ... for which state office and authority are not needed." Polk County, 454 U.S. at 319. Plaintiff fails to plausibly allege the attorney defendants acted under color of state law and thus fails to establish the court's subject matter jurisdiction over claims under 42 U.S.C. § 1983 against the attorney defendants.

### IV.  CONCLUSION AND ORDER

The complaint must be dismissed, but plaintiff is granted leave to file an amended complaint. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect… a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). An amended complaint should be titled "First Amended Complaint." Local Rule 220 requires that an amended complaint be complete by itself without reference to any prior pleading.

////

////

For the reasons set forth above, IT IS ORDERED as follows:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.
3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: September 4, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
kepl24cv1426.scrn