UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN NICHOLAS KEPLER,<br><br>Plaintiffs,<br><br>v.<br><br>VIRGINIA L. GINGERY, et al.,<br><br>Defendants. | No. 2:24-cv-01426-DAD-CKD (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Christian Nicholas Kepler proceeds in forma pauperis, without counsel,[1] and seeks relief under 42 U.S.C. § 1983. Plaintiff's first amended complaint is before the court for screening. (ECF No. 4.) The first amended complaint fails to establish the court's subject matter jurisdiction and seeks monetary relief against defendants who are immune from suit. Because it clearly appears plaintiff will be unable to state a claim based on the relevant facts and legal theories presented, the amended complaint should be dismissed without further leave to amend.

I.     **SCREENING REQUIREMENT**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a

---

[1] Because plaintiff proceeds without counsel, this action is referred to the undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636.

claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). In performing this screening, the court liberally construes a pro se plaintiff's pleadings. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice[.]" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678. Courts "are not required to indulge unwarranted inferences[.]" Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

In addition, pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Eldridge, 832 F.2d at 1137, but a plaintiff's claims must be facially plausible to survive screening. Facial plausibility for a claim requires sufficient factual detail to allow the court to reasonably infer that a named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges Sasha Walters committed extortion by threatening plaintiff with a restraining order and then obtained a temporary restraining order, removing plaintiff from his place of business and removing his son from his care. (ECF No. 4 at 10.) Plaintiff sued Walters on the television show "Tribunal Justice" and Walters was found to have committed fraud against plaintiff. (Id. at 12.)

The defendant judges for the present action, Virginia L. Gingery and Michael P. Candela, delayed the hearing on the restraining order in the Butte County Superior Court for a period of six months, preventing plaintiff from earning a living. (ECF No. 4 at 10.) Judge Candela ordered plaintiff to attend an organization that requires plaintiff to act in violation of plaintiff's religious freedoms and both judges limited plaintiff's freedom to travel public roads by issuing orders to

avoid certain areas of town and denied him his right to bear arms. (Id. at 11-12.) An agreement was made in court, and then a different order was issued "without notice" to plaintiff. (Id.) The defendant judges also "held courts void of stenographic record and signed 'Orders' in vacation of their offices[.]" (Id. at 11.)

In addition, plaintiff alleges, the defendant judges are "not legitimately occupying [their] offices and therefore cannot exercise any authority over [plaintiff] or any other individual." (ECF No. 4 at 2.) Plaintiff formally requested Oaths and Bonds from the California Secretary of State, and "no one has produced the constitutionally required proof of filing for necessary Bonds nor Oaths of Office, as mandated by California Government Code § 1360, 1363 and 1501." (Id. at 2, 11.) Plaintiff alleges this renders their judicial actions void. (Id.) Plaintiff asks this court to determine whether the defendants' continued exercise of judicial authority, without legal qualification, constitutes False Impersonation and treason. (Id. at 9-10.) Plaintiff seeks damages for his injuries resulting from the defendant judges' "'Defacto' Orders" in the form of a silver coin and pure gold. (Id. at 12-13.)

### III.   THE COMPLAINT MUST BE DISMISSED

#### A. Rooker-Feldman Doctrine

Federal district courts do not have appellate jurisdiction over state courts. See Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283-84 (2005). The Rooker-Feldman doctrine "prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004). The Rooker-Feldman doctrine applies to federal constitutional challenges to state court decisions, including claims under 42 U.S.C. § 1983. Benavidez v. County of San Diego, 993 F.3d 1134, 1142 (9th Cir. 2021) (quoting Doe & Assocs. Law Offs. v. Napolitano, 252 F.3d 1026, 1029 (9th Cir. 2001)).

A federal court action constitutes a forbidden de facto appeal under Rooker-Feldman when the plaintiff complains of a legal injury caused by a state court judgment, based on an allegedly erroneous legal ruling, in a case in which the federal plaintiff was one of the litigants. Noel v. Hall, 341 F.3d 1148, 1163 (9th Cir. 2003). "Once a federal plaintiff seeks to bring a

1  forbidden de facto appeal, … that federal plaintiff may not seek to litigate an issue that is
2  "inextricably intertwined" with the state court judicial decision from which the forbidden de facto
3  appeal is brought." Id. at 1158.
4      In the present case, plaintiff seeks relief from "Defacto" orders made by the defendant
5  judges, alleging the orders were void and in violation of his federal constitutional rights. Because
6  plaintiff's constitutional claims are based on a theory that the defendant judges made incorrect
7  rulings that violated plaintiff's rights and would require this court to find the state court decisions
8  were in error, this court lacks jurisdiction over the claims. See Doe & Assocs. Law Offs., 252
9  F.3d at 1030; Cooper v. Ramos, 704 F.3d 772, 782 (9th Cir. 2012) ("[Plaintiff's] prayer for relief
10 in the form of monetary and punitive damages... is contingent upon a finding that the state court
11 decision was in error. ... It is precisely this sort of horizontal review of state court decisions that
12 the Rooker-Feldman doctrine bars.").

13      **B. Immunities**

14     Separately, and in addition, the defendant judges are immune from this suit for damages
15 for their judicial acts described in the complaint. With limited exceptions, judges and other
16 judicial officers are absolutely immune from suit for judicial acts. See Forrester v. White, 484
17 U.S. 219, 227 (1988); In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002). "This immunity applies
18 even when the judge is accused of acting maliciously and corruptly[.]" Pierson v. Ray, 386 U.S.
19 547, 554 (1967); see also, e.g., Mireles, 502 U.S. 9, 12-13 (1991) (upholding absolute immunity
20 for a judge who allegedly ordered that person be arrested with excessive force). Judicial immunity
21 is overcome in only two sets of circumstances: first, a judge is not immune from liability for
22 nonjudicial actions, i.e., actions not taken in the judge's judicial capacity; second, a judge is not
23 immune for actions taken in the complete absence of any jurisdiction. Mireles v. Waco, 502 U.S.
24 9, 11 (1991).

25     Although plaintiff alleges the defendant judges do not legitimately occupy their offices,
26 the factual allegations pleaded do not plausibly support such a conclusion. Plaintiff alleges no one
27 produced the defendants' oaths of office, which are required to be maintained, in response to
28 plaintiff's request to the California Secretary of State. This allegation fails to plausibly establish

that the defendant judges did not take oaths of office or that they took any actions in the complete absence of jurisdiction. Accordingly, the conclusion that the defendant judges had no jurisdiction when presiding over plaintiff's restraining order case is not entitled to a presumption of correctness for the purpose of determining whether the amended complaint states a claim. See Iqbal, 556 U.S. at 678; Doe I, 572 F.3d at 681.

### IV.  CONCLUSION AND RECOMMENDATION

The first amended complaint fails to establish this court's subject matter jurisdiction and seeks relief against defendants who are immune from suit. To any extent plaintiff intends to bring state-law claims, those claims should not proceed due to the absence of a cognizable federal claim. See United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) ("if the federal claims are dismissed before trial, ... the state claims should be dismissed as well"). Although the court may exercise supplemental jurisdiction over state law claims, plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367.

The undersigned considers whether further leave to amend should be granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect… a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). Plaintiff was notified of the defects in the original complaint and was unable to remedy those defects, essentially alleging the same facts in the first amended complaint as were alleged in the original complaint. Thus, it clearly appears that further leave to amend would be futile. See California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988) ("Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."); Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (noting the court does not have to allow futile amendments).

For the reasons set forth above, IT IS RECOMMENDED as follows:

1. Plaintiff's first amended complaint (ECF No. 4) be dismissed without further leave to amend for lack of subject matter jurisdiction and because it seeks relief against defendants who are immune from suit.

    2. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 9, 2024

                                              CAROLYN K. DELANEY
                                              UNITED STATES MAGISTRATE JUDGE

8, kepl24cv1426.scrn.fr